## GEORGE F. CASE

### *v.*

### OPHELIA E. PHILLIPS *et al.*

*Opinion filed October 13, 1899.*

1. APPEALS AND ERRORS—*objections not presented in Appellate Court are waived.* Objections not brought to the attention of the Appellate Court cannot be raised in the Supreme Court as ground for reversing the judgment of the Appellate Court.

2. SAME—*chancellor's exclusion of incompetent affidavit cures master's error in admitting it.* An objection that the master erroneously admitted an affidavit in evidence is unavailing on appeal, where the chancellor, upon exception to the master's report, excluded the affidavit and made his finding from other competent evidence.

3. PAYMENT—*when payment cannot be regarded as made by stranger.* Payment by a principal of a claim presented for merchandise delivered to his agent cannot be deemed a satisfaction of the demand by a mere stranger, and it extinguishes the obligation so far as the creditor is concerned.

4. EVIDENCE—*what evidence will establish plea of payment.* In the absence of countervailing proof, a plea of payment is established by evidence that the plaintiff's demand was interposed by him as a set-off in a former action brought by the defendant's principal, which was settled in full and discontinued by stipulation of the parties, without costs.

MAGRUDER, J., dissenting.

*Case* v. *Phillips*, 82 Ill. App. 231, affirmed.

APPEAL from the Branch Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. E. F. DUNNE, Judge, presiding.

NEWMAN, NORTHRUP & LEVINSON, for appellant.

M. B. & F. S. LOOMIS, for appellees.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery, filed by appellant, praying for a decree declaring a conveyance of certain real estate by one James W. Phillips, now deceased, to appellee Ophelia E. Phillips, his wife, was without consideration and in fraud of the rights of appellant as a creditor of the grantor.

In 1888 and 1889 said James W. Phillips was resident manager in Chicago of the James Cunningham Sons Company, a corporation engaged in the business of dealers in buggies, carriages and other vehicles. The appellant was then engaged in similar trade in Detroit, Michigan. He consigned three second-hand coupélets to the Cunningham company, and at another time three other second-hand coupélets and a hearse to said Phillips. The vehicles were to be sold for the benefit of the appellant. It is conceded the hearse was received, sold and accounted for by the Cunningham company. The coupélets were sold by Phillips and the full proceeds thereof were not accounted for to the appellant. The theory of the bill is, that said James W. Phillips, deceased, received the coupélets, not as manager for the Cunningham company, but in his individual capacity, and the demand sought to be enforced against the land is the balance alleged to remain unpaid of the proceeds of the sale of the vehicles. The alleged demand has not been reduced to a judgment, but the record does not present any question relative to the jurisdiction of equity in the cause. Answer was filed by the appellee Ophelia E. Phillips, one of the defenses presented being the demand had been paid to appellant by the Cunningham company. Issue thereon was joined by replication. The cause was referred to the master to take and report the proof and his conclusions of law and

fact. It appeared from the master's report the respective parties stipulated the only issue to be submitted and decided was as to whether the alleged claim of appellant had been paid and satisfied by the Cunningham company. Though counsel for appellant discuss other issues, they do not challenge, and have not in any manner challenged, the correctness of the report of the master that the contention was restricted, by voluntary agreement, to a single issue. The findings and conclusions of the master were adverse to appellant. The report was approved by the chancellor and decree entered that the bill be dismissed. The decree was affirmed by the Appellate Court on appeal, and this appeal has been perfected to review the judgment of the Appellate Court.

It is the contention of appellee it appeared from the proofs the appellant insisted the Cunningham company was legally liable to answer to him for the proceeds of the sale of the vehicles, and that he presented such liability, by way of plea or notice of set-off, in an action at law brought in the circuit court of Wayne county, in the State of Michigan, by the said Cunningham company against said appellant, and that the claim was adjusted and settled in that proceeding. Appellant contends this defense cannot avail to support the decree, for two reasons: First, because, as he insists, it did not appear from the record of the proceedings in the said suit referred to, that the claim of appellant was adjusted or paid; and second, that the Cunningham company was a stranger to the transaction between appellant and said Phillips, and that whatever was done in the suit referred to was without the knowledge or approval of the debtor, and that under such circumstances the payment, if proven, would not have the effect to discharge the debt. We will consider the contentions in the order as urged.

*First*—The appellees produced before the master a certified copy of the *narr.*, plea and notice of set-off, bill of particulars under such notice, and a stipulation of the

parties making disposition of the case of the Cunningham company against appellant in the circuit court of Wayne county, Michigan, and also a certified transcript of the orders of that court. The appellant seeks in this court to urge the master and the chancellor erred in admitting the bill of particulars and the stipulation for dismissal in evidence, on the ground neither of these documents constituted a part of the record in that cause and could not be authenticated by the certificate of the clerk of the court. The appellees contend neither of these objections was raised in the Appellate Court, and in pursuance of leave given in this court have filed here a certified copy of the brief and argument filed by the appellant in the Appellate Court. It does not appear from this brief the appellant presented these questions to the Appellate Court. The purpose of this appeal is to bring the judgment of the Appellate Court in review in this court. We cannot declare the Appellate Court erred upon a point or points not presented to it for decision. The failure of the appellant to call the attention of the Appellate Court to the alleged error was an abandonment of the assignment of such error. (*Wabash, St. Louis and Pacific Railway Co.* v. *McDougal,* 113 Ill. 603.) Objections not mooted in the Appellate Court cannot be raised in this court as ground for reversing the judgment of the Appellate Court. (*Pennsylvania Coal Co.* v. *Kelly,* 156 Ill. 9; *Fidelity and Casualty Co.* v. *Waterman,* 161 id. 632.) It appeared from the pleadings in the action at law in the circuit court of Wayne county, Michigan, the Cunningham company claimed certain demands against the appellant, and that appellant pleaded as a set-off to such demands that the Cunningham company was indebted to him for the unpaid balance of the proceeds of the sale of the coupélets, and that the parties signed and filed in the court a stipulation, as follows: "It is hereby stipulated that the above entitled cause is settled in full and discontinued, without costs to either party." It did not appear the court made

or entered any order or judgment upon the stipulation, but it did appear the cause was disposed of by it. The chancellor held the pleadings in the Michigan case and the stipulation of the parties sufficiently established that the Cunningham company had settled and discharged the demand which the appellant was seeking to enforce by this proceeding. There was no countervailing proof. Indeed, the only other evidence touching upon the point tended to corroborate the view taken by the chancellor. There is no reason the ruling of the chancellor should be regarded as erroneous.

*Second*—Cases cited by appellant to the effect a party who has covenanted or promised must perform the engagement himself, and cannot plead in bar satisfaction or performance by a stranger, are not here applicable. The Cunningham company cannot be deemed a stranger to the transaction out of which the demand of appellant arose. He insisted it was liable to respond to him for the claim on the ground Phillips received and disposed of the vehicles as its general manager, and pleaded such alleged liability in defense in the action at law. Under such circumstances a satisfaction of the demand by it would extinguish the obligation, as far as the appellant is concerned. Whether a right would arise or demand exist in favor of the Cunningham company to recover is not here involved.

We need not discuss the contention the master erred in admitting the affidavit of one Strobridge in evidence, for the reason the chancellor, upon exception to the master's report, excluded the affidavit and made his finding from other competent evidence. The testimony the affidavit excluded supports the decree.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*

Mr. JUSTICE MAGRUDER, dissenting.