MICHAEL T. HALEY, Admr.

*v.*

THE PRUDENTIAL INSURANCE COMPANY OF AMERICA.

*Opinion filed February 20, 1901.*

1. APPEALS AND ERRORS—*when Appellate Court's finding is conclusive.* A recital by the Appellate Court, in its judgment reversing a judgment against an insurance company for the full face of the policy, to the effect that the insured died "in consequence of his own criminal action," is a finding as to a mixed question of law and fact and is conclusive upon the Supreme Court as to the rights of the parties, where such question is the ultimate one put in issue.

2. INTEREST—*interest cannot be first claimed in the Supreme Court.* Interest cannot be claimed in the Supreme Court where the question was not presented in the Appellate Court.

*Prudential Ins. Co.* v. *Haley,* 91 Ill. App. 363, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. RICHARD S. TUTHILL, Judge, presiding.

This is an action begun in the circuit court of Cook county by Michael T. Haley, administrator of George M. Haley, deceased, against the Prudential Insurance Company, to recover upon a policy of life insurance. The policy was issued November 17, 1894, on the life of the deceased, and contained, among others, a provision that

"if within three years from the date hereof the insured shall die in consequence of his own criminal action, the liability of the company shall not exceed the amount of the premiums paid on this policy." On March 26, 1896, in the evening, the insured, with an accomplice, held up and robbed one William Britton, on Clark street, in the city of Chicago. The robbers were immediately arrested, and in an attempt to escape from the custody of the officer who had made the arrest the insured was shot and severely wounded, from the effects of which he died. Upon the refusal of the insurance company to pay the face of the policy this action was brought.

To the declaration on the policy the company filed two principal pleas, the first being the general issue, and the second non-assumpsit except as to the sum of $318. As to that sum it is averred that "the policy was issued and accepted subject to certain conditions and agreements, one of which was, that if George M. Haley should, within three years from date of policy, die in consequence of his own criminal action, the liability of the defendant should not exceed the amount of premiums paid on the policy; that the said George M. Haley did die within three years from date of policy in consequence of his own criminal action, and that the premiums paid on policy amounted to $318," which defendant tendered and offered to pay to plaintiff. Other pleas were filed, but later withdrawn under a stipulation that all defenses might be made under the first and second.

Upon a trial by the court without a jury a judgment was rendered for the plaintiff for $2360,—the full face of the policy,—and an appeal was taken by the defendant to the Appellate Court for the First District. That court reversed the judgment below, specifically finding that the insured died in consequence of his own criminal action, and rendering a judgment in favor of the administrator for the sum of $318,—the amount of the premiums paid. To reverse that judgment the administrator prose-

cutes this appeal.   Cross-errors are assigned by the insurance company, seeking to avoid the judgment for the sum of money paid to the company as premiums, on the ground that the policy, by reason of misrepresentations made by the insured at the time of his medical examination, was void.

M. W. ROBINSON, and HERBERT B. ROBINSON, for appellant.

HOYNE, O'CONNOR & HOYNE, for appellee.

Mr. JUSTICE WILKIN delivered the opinion of the court:

The Appellate Court, in pursuance of the statute in such case, has found and recited in its final judgment as follows: "That George M. Haley died within three years from the date of the policy sued upon, and that his death resulted in consequence of his own criminal action." This is a finding of the ultimate fact put in issue by the defendant's second plea setting up the foregoing condition in the policy, and is conclusive upon this court. It is not a question of law, as contended by appellant's counsel, but at most but a mixed question of law and fact, and therefore not subject to review by this court. (*Hunter* v. *Clarke*, 184 Ill. 158; *Cheney* v. *Cross*, 181 id. 31; *Meyer* v. *Butterbrodt*, 146 id. 131, and cases cited.) Upon this finding nothing remains for us to do but to affirm the judgment of the Appellate Court.

There is nothing in the finding of the Appellate Court, nor, as we understand, in the record, upon which to base the contention of the insurance company that it was not liable for the amount of the premiums paid, and for which that court gave judgment.   The condition in the policy says, in effect, that even though the assured may die in consequence of his own criminal action the company shall be liable for the amount of the premiums paid on the policy, and the second plea not only recognizes that

right of recovery, but avers that defendant is willing and has offered to pay that amount, namely, $318. The cross-error assigned by appellee is therefore without merit.

It is lastly insisted by the appellant that if only the amount of the premiums paid can be recovered, error was committed by the Appellate Court in not allowing interest on the moneys paid from time to time, constituting this sum. This question was not presented to the Appellate Court, and cannot be raised in this court in the first instance. (*Case* v. *Phillips,* 182 Ill. 187.) As there is nothing in the record to show that the Appellate Court passed on the right of the plaintiff below to recover interest, or that it was even asked to do so, it is impossible for us to say it committed error in that regard.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*