CHARLES H. KEHL

*v.*

WILLIAM J. ABRAM.

*Opinion filed June 23, 1904.*

1. FRAUD—*degree of prudence exercised in fraudulent transaction is a question of fact.* In an action for deceit, based upon alleged false representations by the defendant that the note and trust deed he sold to plaintiff were a valid and first lien upon the premises, the degree of care exercised by the plaintiff in the transaction is a question of fact for the jury.

2. SAME—*representation that a trust deed is a first lien is one of fact.* A false representation that a deed is a first lien upon the premises, and that there were no other mortgages or trust deeds upon the premises ahead of or prior to it, is a representation of fact, and not a mere opinion.

3. SAME—*effect where examination of record would have disclosed falsity of representations.* In an action of deceit for falsely representing a trust deed to be a first lien upon the premises, the fact that an examination of the records would have disclosed the falsity of the representation does not relieve the defendant from liability, where the false representation was made to induce action by the plaintiff, who did rely and act thereon to his injury.

4. APPEALS AND ERRORS—*when objection to instructions will not be considered.* Objections to instructions will not be considered by the Supreme Court where no mention of the instructions complained of was made in the written motion for new trial as ground thereof.

5. SAME—*when objection that improper evidence was admitted will not be considered.* An objection that improper evidence was admitted will not be considered by the Supreme Court where no exception appears to the overruling of the objection made to the admission of the evidence complained of.

6. SAME—*objections not raised in Appellate Court cannot be considered.* Objections to instructions and to the admission of evidence cannot

be considered by the Supreme Court where they were not urged in the brief filed in the Appellate Court, as shown by a certified copy.

7. SAME—*objection based upon opinion of Appellate Court will not be considered.* An objection based upon the opinion of the Appellate Court will not be considered by the Supreme Court, as it is the judgment, and not the opinion, of the Appellate Court which is subject to review.

8. INSTRUCTIONS—*when words "material inducement" do not need explanation.* An instruction in an action of deceit which states the effect of defendant's fraudulent statements, representations and acts "with respect to a material inducement to the transaction," is not erroneous in not defining the words "material inducement." (*Baker & Reddick* v. *Summers,* 201 Ill. 52, distinguished.)

*Kehl* v. *Abram,* 112 Ill. App. 77, affirmed.

APPEAL from the Appellate Court for the First District;—heard in that court on appeal from the Circuit Court of Cook county; the Hon. R. W. CLIFFORD, Judge, presiding.

ROBERT R. JAMPOLIS, (JAMES HIBBEN, of counsel,) for appellant.

FRANK L. HUME, for appellee.

Mr. CHIEF JUSTICE RICKS delivered the opinion of the court:

This is an action for damages for deceit. The *narr.* averred that May 5, 1893, appellee purchased from appellant a note for $2000, payable to order of makers and due one year after date; also a trust deed securing the same; that prior to the purchase appellant represented to appellee the trust deed was a first lien upon premises described, and ample security; that appellant made such representations knowing them to be false, to induce the purchase; that appellee was ignorant of their falsity and appellant fraudulently concealed the knowledge thereof from him; that appellee relied upon the statements, and not until January, 1896, did he learn there was a prior trust deed upon the premises for $7000, and that they were not worth more than the amount of such encum-

brance; that the said first trust deed was foreclosed, the property sold and the lien of appellee cut off; that on October 18, 1893, appellant repeated the representations to induce appellee to agree to an extension of the note until October 15, 1896; that appellee, in ignorance of the falsity of the representations and relying upon their truth, granted the extension. To this declaration a plea of not guilty was filed. The cause was tried before a jury in the circuit court of Cook county, and the issues were found in favor of plaintiff and his damages assessed at $3200, for which amount judgment was entered, and on appeal to the Appellate Court for the First District said judgment was affirmed.

The main fact in controversy in the lower court was whether the representations by appellant were made, and the testimony with reference thereto was conflicting. On this proposition the jury found in favor of appellee, and the Appellate Court having affirmed that finding the question is not now open for our consideration. Appellant, however, in this court, urges eleven propositions for the reversal of the judgment of the Appellate Court.

It is first contended that the alleged representation that the trust deed was a first mortgage was simply the expression of an opinion and not a statement of a fact, and hence, if made, did not amount to a legal fraud, and that the statement was in itself sufficient to put appellee on notice, and it was his duty to have examined the records and ascertained the truth. The question of the degree of prudence exercised by appellee was a question of fact within the determination of the jury, and their decision was in favor of appellee. (*Munson* v. *Nichols*, 62 Ill. 111.) As to appellant's contention that the alleged representations were those of opinion instead of fact, we think the point is not sustained by reason or authority. The declaration states that "the plaintiff avers that before he so purchased said note of the defendant, the defendant represented to the plaintiff that the afore-

said trust deed securing said note was a valid and first lien upon the premises in the said trust deed mentioned; that there were no other trust deeds or mortgages upon said premises prior to or ahead of the lien of said trust deed." It seems clear to us that whether the trust deed in question was prior to and ahead of all other trust deeds and mortgages was a question of fact, and the bare statement of the proposition is sufficient argument of it, and such conclusion seems to have been assumed in the case of *Bristol* v. *Braidwood*, 28 Mich. 191. The question presented in that case grew out of an exchange of a mortgage for other property, the party having the mortgage representing that "there was no other mortgage ahead of it, so far as he knew," and the court, in the opinion rendered, said (p. 194): "The whole question of misrepresentation and fraud must therefore turn upon the representation in reference to the fact whether there was a prior mortgage; and upon this point it may, for the purposes of this case, be admitted that if the defendant, for the purpose of obtaining the plaintiff's property for the mortgage, asserted to him as a fact of which he professed to have knowledge, that there was no prior mortgage upon the land, when he knew or had good reason to believe the contrary or no good reason to believe his assertion to be true, he would be liable as for a fraudulent representation." Authorities equally in point are *Linn* v. *Green*, 17 Fed. Rep. 407, and *Ward* v. *Winan*, 17 Wend. 192.

The second and third contentions argued by appellant are, that there was error in the second and fourth given instructions of appellee. Upon an examination of those instructions we are of opinion that appellant's criticism is without merit. But we are precluded from considering them, for the reason that in appellant's written motion for a new trial in the circuit court no mention was made of these instructions as ground for said motion. (*Hintz* v. *Graupner*, 138 Ill. 158; *West Chicago Street*

*Railroad Co.* v. *Krueger,* 168 id. 586; *Illinois Central Railroad Co.* v. *Johnson,* 191 id. 594.) And it further appears from the brief filed by appellant in the Appellate Court, certified to this court, that this objection was not raised in that court, which fact also prevents our consideration of this objection. *Case* v. *Phillips,* 182 Ill. 187; *Chicago and Alton Railroad Co.* v. *American Strawboard Co.* 190 id. 268; *Rohe* v. *Pease,* 189 id. 207.

Appellant's fourth objection is, that it was error to refuse his seventh refused instruction. This instruction was virtually covered by appellee's second given instruction. But appellant insists that said second given instruction of appellee was vicious, because it told the jury that if a party dealing with another makes use of fraudulent statements, representations and acts "with respect to a material inducement to the transaction," etc., such party cannot afterwards be heard to say that the party with whom he was dealing was misled, etc., and appellant contends that it was error to have mentioned "material inducement" without defining such term; that what is "material inducement" is a question of law, and not of fact; that the said seventh instruction so offered was free from this fault, hence it was error to refuse it, even though it was otherwise covered by said second instruction given for appellee. Appellant, in this connection, relies upon the case of *Baker & Reddick* v. *Summers,* 201 Ill. 52, where it was held erroneous for an instruction to refer to material allegations of a declaration without stating what the material allegations were. We think there is a broad distinction between material allegations of a declaration and material inducements to a party entering into a transaction. A declaration, as referred to in the case cited by appellant, is strictly a legal term, and one not versed in legal phraseology would not be supposed to be able to determine, without direction, what are the essential or material parts of a declaration, but a jury are supposed to be as well ac-

quainted with human nature as the judge who instructs them and know as well the things that prompt individuals to action, and it is peculiarly their province to say what are and what are not material inducements in a transaction where one party claims to have been overreached and deceived by the alleged false conduct of another against whom redress is sought. If the jury are of the opinion that the alleged false statements were of no consequence in causing the plaintiff to act as he did, it is their duty to find in favor of the defendant, otherwise against him. This principle is recognized and applied in the law governing insurance policies, and in actions upon such the jury may be instructed that if the statements made to secure the policy have been fraudulent and are material, then the policy may be avoided, but where the statements, though not correct, have not been material in inducing the issuance of the policy, then the same is not to be avoided, and in such cases the question of the materiality is left to the determination of the jury. *Manufacturers' Ins. Co.* v. *Zeitinger*, 168 Ill. 286.

Appellant's fifth objection is based upon the opinion of the Appellate Court, and as this court only reviews the judgments of that court, and not its opinions, this objection will not be discussed. *Pennsylvania Co.* v. *Versten*, 140 Ill. 637; *Daube* v. *Tennison*, 154 id. 210; *Voigt* v. *Anglo-American Provision Co.* 202 id. 462.

Appellant's sixth objection is relative to the refusal of the court to give his second and fourth refused instructions, and the refusal of the court to grant a new trial. These instructions were practically covered by appellee's second given instruction, so we think no material injury could have resulted to appellant by the refusal. In this assignment of error appellant contends that the evidence of appellee of what occurred at the time of the purchase of the mortgage is uncorroborated and is denied by appellant. It is true, the evidence is very contradictory, but it was the province of the jury

to weigh and consider it, and we cannot say, as appellant contends, that the jury was so erroneously instructed as to require its verdict to be set aside and make it the duty of the court to grant a new trial.

Appellant's seventh objection is, that improper evidence was admitted on the trial; but no exception appears to the overruling of the objection to its admission, which is necessary in order to bring the question properly before us for review; and it also appears, from the certified copies of the appellant's brief in the Appellate Court, that this objection was not urged in the Appellate Court, which fact also prevents our consideration of the matter.

Appellant's eighth objection is, that the court erred in overruling the motion in arrest of judgment. The point sought to be made here by appellant seems to be, that as the declaration contained no averment excusing the want of investigation of the records on the part of the plaintiff, therefore this motion should have been allowed. As we have before noted, it was a question for the jury whether appellee exercised due care, and if they found he did, (as is the case,) it was then immaterial whether he investigated the records or not. The declaration charges that the representations were known to be false by appellant and were made for the fraudulent purpose of inducing the action of appellee and that appellee relied and acted thereon. In *Linington* v. *Strong,* 107 Ill. 295, we said (p. 303): "As between the original parties to the transaction, we consider that where it appears that one party has been guilty of an intentional and deliberate fraud, by which, to his knowledge, the other party has been misled or influenced in his action, he cannot escape the legal consequences of his fraudulent conduct by saying that the fraud might have been discovered had the party whom he deceived exercised reasonable diligence and care." And also in *Antle* v. *Sexton,* 137 Ill. 410, it was said (p. 413): "Where a misrepresen-

tation is made as to a material fact, and such misrepresentation is made knowingly and for the express purpose of deceiving and defrauding, and the party injured relies upon the statement made and under circumstances which would induce a reasonably prudent man to so rely, there must be a right of action at law for fraud and deceit."

The question presented in the case of *Dodge* v. *Pope*, 93 Ind. 480, seems to have been very similar to the question presented by the case at bar. In that case a party sold a note and represented that it was secured by a first mortgage when in reality it was a second mortgage, and in that case the court said: "Where one, with knowledge of his rights and of the facts, makes a statement to another to induce him to act in a given way, and the statement produces the effect designed and causes the person who acts upon it to part with value, he by whom the statement was made cannot afterwards be heard to deny its truth. The fact that the mortgage was of record does not change the rule. If a party makes an express statement that there is no mortgage on the land in which he endeavors to sell an interest, he is bound, notwithstanding the fact that an examination of the records would have disclosed the existence of a prior mortgage."

We think it quite clear that the declaration in the case at bar is sufficient to sustain the judgment, and the motion in arrest was properly overruled.

The tenth assignment of error is as to sustaining the judgment of the circuit court, and the eleventh is as to the refusal of the Appellate Court to reverse and remand the case. What has already been said disposes of these objections.

We find no material error in the record before us, and the judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*