## W. R. Hill v. R. W. Coates.

1. FRAUDULENT REPRESENTATION—*what is, as to existing fact.* A representation that a chattel mortgage constitutes a first lien, if false, and so known to be when made, constitutes a fraudulent representation as to an existing fact.

Action for fraud and deceit. Appeal from the Circuit Court of Moultrie County; the Hon. WILLIAM C. JOHNS, Judge, presiding. Heard in this court at the November term, 1905. Affirmed. Opinion filed March 20, 1906.

SENTEL & WHITFIELD, for appellant.

E. J. MILLER, for appellee.

MR. JUSTICE BAUME delivered the opinion of the court.

Appellee recovered a verdict and judgment in the Circuit Court of Moultrie County against appellant for $626.48 as damages in an action for fraud and deceit.

The facts disclosed by the evidence are substantially as follows: Appellant was a farm tenant of appellee, and being in need of money to harvest a portion of his crop, entered into an arrangement with appellee whereby the latter was to loan appellant a certain amount of money and assume liability for a line of credit to appellant and release his landlord's lien to the extent of $300 on certain growing

grain, and appellant was to execute to appellee a first mort-
gage for $800 on certain personal property to secure the
payment of the indebtedness. Appellant executed his chat-
tel mortgage to appellee and delivered the same to M. A.
Mattox as agent for appellee, at about 5 o'clock P. M. Au-
gust 25, 1899, and then told said Mattox that said chattel
mortgage was the first lien on the property therein de-
scribed, and that there was nothing ahead of it. Mattox
examined the records in the recorder's office including the
entry book, and finding no record of a prior encumbrance,
and relying on the assurance of appellant that there was
nothing ahead of the mortgage to appellee, filed said mort-
gage for record and gave to appellant the consideration
therein named. At 4:30 o'clock P. M. of the same day there
had been filed for record a chattel mortgage by appellant
to A. H. Miller upon the same property, to secure a note
for $1,950. The failure of Mattox to find a record of the
prior mortgage to Miller appears to have been due to the
custom in the recorder's office of placing the instruments
filed for record during the day in a pigeon-hole, and not
entering them on the entry book until the close of the day's
business.

The evidence in the record further strongly tends to
show that the chattel mortgage by appellant to Miller for
$1,950 was without substantial consideration, and that it
was executed by appellant and taken by Miller with the
fraudulent intention on their part of preventing appellee
from making his chattel mortgage effective as security for
the debt due him.

The court did not err in permitting the witness W. E.
Campbell to testify to a conversation with Miller, wherein
the latter made statements regarding the purpose of him-
self and appellant to secure a fraudulent advantage of ap-
pellee.

The fifth count of the declaration alleges a conspiracy
between appellant and Miller to fraudulently obstruct ap-
pellee in his efforts to realize upon his mortgage security,
and the evidence of the witness Campbell was competent

as tending to show the existence and purpose of such conspiracy.

We have carefully considered the evidence in the case as it appears in the record and find that it abundantly supports the verdict of the jury. Indeed, we are satisfied that no other verdict could have been arrived at consistently with the evidence. The representations by appellant to Mattox, the agent of appellee, that the chattel mortgage to appellee was a first lien on the property therein described, and that there was nothing ahead of it, were false and fraudulent representations as to an existing fact. Kehl v. Abram, 210 Ill. 218. Such representations were necessarily known to appellant to be so false and fraudulent, and Mattox having relied thereon as true and having been induced thereby to act to the injury of appellee, appellant is liable and should respond in damages.

It is urged on behalf of appellant that Mattox did not exercise reasonable prudence to guard against the deception, and it is also urged that as Mattox examined the records prior to filing the mortgage, he must be held to have relied upon his examination and not upon the representations of appellant. There is somewhat of inconsistency in the positions assumed. It is clear that Mattox having examined the public records to ascertain if appellant had executed a prior encumbrance, the jury was justified in finding that he had exercised reasonable prudence to guard against deception, and it is equally clear that if appellant, when interrogated, had truthfully disclosed the fact of a prior encumbrance, Mattox would not have acted to the injury of appellee.

It is insisted that the instructions given by the court at the request of appellee are erroneous, and that the court improperly modified and refused certain instructions offered on behalf of appellant. The first and third instructions given at the request of appellee in substance predicate a right of recovery upon proof of the allegations of the declaration and are proper instructions. The second and fourth instructions given at the request of appellee are not

free from criticism, but we are not disposed to hold that in this case they could have operated to the prejudice of appellant. The third instruction offered by appellant and modified by the court, was not modified to his prejudice, and the several instructions offered by appellant and refused by the court were properly refused as being covered by other instructions which were given.

Appellee's motion to tax cost of the additional abstract against appellant is allowed.

The judgment is right and will be affirmed.

*Affirmed.*