## Joseph Foss, Appellee, v. F. O. Hawley, Appellant.

### Gen. No. 5151.

1. APPEALS AND ERRORS—*when assignments of error waived.* An assignment of error not argued is deemed waived.

2. VERDICTS—*when not disturbed.* If two juries have found the same way the Appellate Court will be slow to disturb the second verdict as against the weight of the evidence.

Assumpsit. Appeal from the Circuit Court of Kendall county; the Hon. MAZZINI SLUSSER, Judge, presiding. Heard in this court at the October term, 1909. Affirmed.     Opinion filed October 19, 1909. Rehearing denied April 13, 1910.

A. H. SWITZER, for appellant.

BENJAMIN F. HERRINGTON, for appellee.

MR. JUSTICE WILLIS delivered the opinion of the court.

This was a suit in assumpsit brought by appellee against appellant before a justice of the peace of Kendall county to recover a balance of $110.73 claimed for work and labor performed, and for board and lodging furnished the hired men of appellant. There was a verdict and judgment for $87.73. On an appeal to the Circuit Court of said county, appellee obtained a verdict of $100.73. A motion for a new trial was made, and, upon the suggestion of the court, appellee remitted $15 from the verdict. The motion for a new trial was denied and judgment was entered for $85.73 from which appellant appealed to this court.

Neither party requested instructions. The assignment of error predicated on an exception taken to the admission of incompetent evidence was not argued and was therefore waived. W. St. L. & P. Ry. Co. v. McDougal, 113 Ill. 604; Case v. Phillips, 182 Ill. 187; Keyes v. Kimmel, 186 Ill. 109. The only question presented is that raised by exception to the denial of the motion for a new trial, *i. e.*, does the evidence sustain the judgment?

That appellee worked for appellant upon his farm and lodged and boarded other of his hired men and boarded appellant and his son, and men employed by appellant in threshing and shelling corn, is not denied; that appellee was to receive $30 per month, the use of a house and garden, firewood, and the milk of one cow is admitted. The difference arises over the number of men for whom board and lodging was furnished, the time appellee worked for appellant, and the amount due. Appellee claimed that he furnished board and lodging for two for a given period, and that he worked seventeen months and that. there was still due him $100.73. Appellant contended that he engaged to pay for the board and lodging of but one and that appellee worked a week less than seventeen months and that he had overpaid him. Both parties introduced their book accounts of the transaction, but unexplained; neither furnished a true statement of the account between them. Appellee testified to the accuracy of his account, and was in a measure corroborated by his two sons. Appellant testified to the correctness of his account, and there was some corroboration by parties upon whom he had given appellee orders in payment for his services. Appellee testified in rebuttal that two of the orders that appellant contended were given to him, were chargeable to his two sons who worked for appellant, and received orders from him, and on this point there was corroborating evidence from his two sons. One item of credit sought by appellant, and disputed by appellee, was the rental of a house owned by appellant and occupied by appellee prior to services rendered on the farm. Appellant claimed that appellee lived in it seventeen months, and was to pay $5 per month, but paid nothing. Appellee testified that he lived in the house only eleven months, and that the agreement was that he was to build corn cribs to pay for the rent; that appellant never had any corn cribs for him to build, and that he never

paid any cash rent, but made repairs enough on the house to pay the rent.

The evidence seemingly preponderates in favor of appellee's contention. Two juries have decided the conflict in his favor. The trial court who saw the witnesses, and heard them testify has approved their finding, and we must decline to disturb their verdict.

The judgment is affirmed.

*Affirmed.*