THE ADVANCE AMUSEMENT COMPANY, Defendant in Error, *vs.* FREDERICK H. FRANKE, Plaintiff in Error.

*Opinion filed June 24, 1915.*

1. CONTRACTS—*courts prefer construction which excludes idea of liquidated damages.* In determining whether a sum named in a contract to secure performance should be treated as a penalty or liquidated damages courts lean towards a construction which will exclude the idea of liquidated damages and permit the parties to recover only damages actually sustained, and while the intention of the parties must be taken into consideration the language of the contract is not conclusive.

2. SAME—*when provision for damages will be construed as a penalty.* If it appears that the purpose of a provision fixing the amount of damages to be paid was inserted to secure the prompt performance of the agreement it will be treated as a penalty and no more than the actual damages proved can be recovered; so, also, where the sum stipulated is too great to be fairly allowed as compensation for the breach, the damages for which are not difficult of ascertainment.

3. SAME—*sum deposited "as security" for the performance of lease is a penalty.* Where a lease expressly provides that $2500 shall be deposited to be held by the lessor "as security" for the performance of the lease, and there is nothing in the other parts of the lease that is inconsistent with such statement, the sum will be regarded as a penalty and only such actual damages as are proved may be recovered.

4. APPEALS AND ERRORS—*failure to argue alleged errors in the Appellate Court is a waiver.* Failure to argue in the briefs filed in the Appellate Court certain of the errors assigned there is a waiver or abandonment of such errors and they cannot be urged in the Supreme Court.

WRIT OF ERROR to the Branch "B" Appellate Court for the First District;—heard in that court on appeal from the Municipal Court of Chicago; the Hon. OSCAR M. TORRISON, Judge, presiding.

SONNENSCHEIN, BERKSON & FISHELL, for plaintiff in error.

T. F. MONAHAN, for defendant in error.

Mr. JUSTICE CARTER delivered the opinion of the court:

Defendant in error brought suit in the municipal court of Chicago to recover $2500 deposited by it with plaintiff in error pursuant to certain provisions of a lease between said parties entered into March 11, 1912, as to a theater building in Chicago for a term ending February 28, 1917, at a rental of $350 per month. By reason of default and failure to pay rent for December and a portion of that for November, 1912, the lessor, after giving the statutory five days' notice, brought suit for the possession of the premises and obtained judgment therefor December 17, 1912. On a trial in the municipal court without a jury a judgment was entered in that court against said landlord, and in favor of said amusement company, for the sum of $2500 so deposited, less the amount of rent that had accrued and remained unpaid at the date of the termination of the lease. That judgment, on appeal to the Appellate Court, was affirmed. The case has been brought here on petition for *certiorari.*

The first question urged here is whether the $2500 deposited with plaintiff in error should be considered liquidated damages, or, as held by the Appellate Court, a penalty. Section 11 of the lease between the parties provided that said sum was "to be held by the party of the first part as security for the faithful performance by the party of the second part of the covenants and agreements in this rider and in the indenture of lease to which this rider is attached contained, to be kept and performed by said party of the second part, which said sum of twenty-five hundred dollars ($2500) shall be applied by said party of the first part as rental reserved for the said premises for each of the last seven and one-seventh months of the term herein demised, provided that prior to the application of each of said month's rental said second party shall not be in de-

fault in any of the terms, covenants and conditions in this rider or in the indenture of lease to which it is attached contained, to be kept and performed by said party of the second part. Party of the first part covenants and agrees to pay or cause to be paid to party of the second part, its successors or assigns, interest at the rate of five per cent (5%) annually on the said sum of twenty-five hundred dollars ($2500), so long as said sum of $2500 shall remain in the hands of the said party of the first part undisposed of, under the terms of this rider and the indenture of lease to which it is attached." By section 12 it was further covenanted and agreed that "in the event that the indenture of lease to which this rider is attached shall be terminated by reason of a breach by party of the second part of any of the terms and conditions in said indenture of lease contained, by said party of the second part to be kept and performed, then and in such event the party of the first part may, at his option, retain as and for full liquidated damages the said sum of $2500 or such portion thereof as may at such time be in the hands of the party of the first part under the terms hereof, and thereafter the party of the second part shall have no further right, claim or interest in and to the said sum of $2500 or any part thereof."

As was said by this court in *Gobble* v. *Linder,* 76 Ill. 157, no branch of the law is involved in more obscurity by contradictory decisions than whether a sum named in an agreement to secure performance will be treated as liquidated damages or a penalty, and as each case must depend upon its own peculiar and attendant circumstances, general rules of law on this question are often of little practical utility. While the intention of the parties on this question must be taken into consideration, the language of the contract is not conclusive. The courts of this State, as well as in other jurisdictions, lean towards a construction which excludes the idea of liquidated damages and permits the

parties to recover only damages actually sustained. (*Scofield* v. *Tompkins,* 95 Ill. 190; *Radloff* v. *Haase,* 196 id. 365; *Bilz* v. *Powell,* 38 L. R. A. [N. S.] 847, note.) This court has said that the rules deducible from the cases may be stated as follows: "First, where by the terms of a contract a greater· sum of money is to be paid upon default in the payment of a lesser sum at a given time, the provision for the payment of the greater sum will be held a penalty; second, where by the terms of a contract the damages are not difficult of ascertainment according to the terms of the contract and the stipulated damages are unconscionable, the stipulated damages will be regarded as a penalty; third, within these two rules parties may agree upon any sum as compensation for a breach of contract." (*Poppers* v. *Meagher,* 148 Ill. 192.) This and all other courts seem to agree upon the principle that a stipulated sum will not be allowed as liquidated damages unless it may be fairly allowed as compensation for the breach. (1 Sedgwick on Damages,—9th ed.—sec. 407, and cases cited.) We have frequently said that courts will look to see the nature and purpose of fixing the amount of damages to be paid, and if it appears to have been inserted to secure the prompt performance of the agreement it will be treated as a penalty and no more than actual damages proved can be recovered. (*Westfall* v. *Albert,* 212 Ill. 68, and cases cited.) In general, a sum of money in gross, to be paid for the non-performance of an agreement, is considered as a penalty. *Tayloe* v. *Sandiford,* 7 Wheat. 13; 1 Sedgwick on Damages, (9th ed.) sec. 402.

No lease or contract precisely like the one here in question seems to have been passed on by this court. Decisions from other jurisdictions, especially of the courts of New York, have been cited by counsel on both sides. In none of them did the contracts present the same question as the one here. Even if they did, at the most such deci-

sions would only be advisory and not controlling. If not in conflict with general rules, the courts seek to give effect to the real intent of the parties in determining whether a stipulation in a contract is a penalty or liquidated damages.

The lease specifically states that this sum of $2500 was deposited to be held by the party of the first part "as security." There is nothing in any other part of the contract that conflicts with this statement. On the contrary, the entire contract, read together, is in full harmony with the conclusion that said sum was held as security. There is nothing in the nature of this contract that would make it especially difficult to ascertain the amount of damages for its breach, as there is in that class of cases where one has agreed to give his personal services to another for a certain length of time and repudiates the contract, or where one has sold out the good will of a business with the agreement not to enter into the same kind of business in a specified number of years or within a limited territory. The proof in this record shows that there was no special difficulty in proving the actual damages. Furthermore, it seems quite clear from reading all the terms of this contract together, that the parties did not intend to agree that this sum was liquidated damages, for one of the provisions was that the first party might, "at his option, retain" said sum. This provision is not consistent with the view that the parties adjusted in advance the damages that might arise by any breach of contract. The argument of counsel for plaintiff in error would require the holding that the $2500 should be retained as liquidated damages whether the lease was violated less than a year before it expired the same as if it were violated within a few months after it was entered into. Such a construction of the contract violates the great fundamental principle which underlies our whole system,—"that of compensation; the great object of this system is to place the plaintiff in as good a

position as he would have had if his contract had not been broken." (1 Sedgwick on Damages,—9th ed.—sec. 406, p. 779.) To put this construction upon it, under circumstances that might readily arise, would work great oppression and hardship. In the light of the circumstances in this case the Appellate Court rightly held this sum a penalty and not liquidated damages.

Counsel for plaintiff in error raise the further question whether, this being held a penalty rather than liquidated damages, the trial court allowed the proper amount of damages. The opinion of the Appellate Court says this question was not raised in that court. Counsel for plaintiff in error insist that it was raised by their assignment of errors and in their briefs, while counsel for defendant in error concedes that it was raised by the assignment of errors but insists that it was not raised by plaintiff in error's briefs. This court has repeatedly held that the failure to urge and argue alleged errors in the Appellate Court is a waiver or abandonment by the plaintiff in error of such errors, and such assignment of errors cannot be raised for the first time in this court. (*City of Chicago* v. *Cook,* 204 Ill. 373; *Fidelity and Casualty Co.* v. *Waterman,* 161 id. 632; *Strodtmann* v. *County of Menard,* 158 id. 155.) The purpose of the appeal in this court is to bring the judgment of the Appellate Court in review in this court. (*Case* v. *Phillips,* 182 Ill. 187; *Chicago and Alton Railroad Co.* v. *Strawboard Co.* 190 id. 268.) The assignment of errors in the Appellate Court was broad enough to cover this question, yet if this question was not urged in the Appellate Court it cannot be urged here.

On motion of counsel for plaintiff in error the briefs filed in the Appellate Court have been filed here. We are of the opinion, from an examination of such briefs, that the Appellate Court rightly held that the question here being considered was not urged or argued in that court. The only question argued there touching upon damages was whether

the $2500 named in the lease should be considered liquidated damages or a penalty.

The judgment of the Appellate Court will be affirmed.

*Judgment affirmed.*