(No. 11375.—Reversed and remanded.)

WILLIAM H. GIESECKE, Defendant in Error, *vs.* EDWARD F. CULLERTON *et al.* Plaintiffs in Error.

*Opinion filed October 23, 1917—Rehearing denied Dec. 5, 1917.*

1. BONDS—*whether sum is a penalty or liquidated damages depends largely upon circumstances of each case.* Whether the sum specified in a bond given to secure the faithful performance of an agreement shall be regarded as a penalty or as liquidated damages depends largely on the facts and circumstances of each case, but the courts lean toward a construction excluding the idea of liquidated damages.

2. SAME—*bond and lease should be construed together.* In determining whether the sum specified in a bond given to secure the faithful performance of an agreement in the lease shall be treated as a penalty or liquidated damages the bond and the lease should be construed together.

3. SAME—*when sum specified will be treated as a penalty.* A bond conditioned for the faithful performance by the lessee of a provision in a ninety-nine year lease requiring him to expend $5000 for improvements within six months will be considered as having been given to secure the prompt performance of the agreement, and the sum stipulated in the bond will be regarded as a penalty, intended to secure only the damages actually sustained by a breach of the agreement.

WRIT OF ERROR to the Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. OSCAR E. HEARD, Judge, presiding.

GUSTAV E. BEERLY, and ELLIS S. CHESBROUGH, for plaintiffs in error.

CASTLE, WILLIAMS, LONG & CASTLE, for defendant in error.

Mr. CHIEF JUSTICE CARTER delivered the opinion of the court:

This was an action of debt brought by defendant in error in the superior court of Cook county against plaintiffs in error on a certain bond in the penal sum of $5000 executed by plaintiffs in error to defendant in error, conditioned on the carrying out of a certain lease of real estate on Milwaukee avenue, Chicago, in which defendant in error was lessor and plaintiff in error Edward F. Cullerton was lessee. After the pleadings were settled the case was tried before the court without a jury, and judgment was entered in favor of defendant in error for $5000, the full amount of the bond. On appeal to the Appellate Court the judgment of the trial court was affirmed, and the cause has been brought here on petition for *certiorari*.

The land leased was one lot and six inches over, improved by a three-story and basement brick building, so constructed as to serve as a livery stable and undertaking establishment in the basement and first floor and for flats on the two upper floors. A lease was entered into between the parties dated June 1, 1910, to run for ninety-nine years, at a rental of $900 for the first year and $1200 a year for the remainder of the term, payable quarterly. This lease provided, among other things, as follows:

"*Fourth*—As a further consideration for the leasing and demising aforesaid, said lessee further covenants and agrees to remodel and improve the said building now upon the said demised premises within six months from and after the date of this lease, and to expend in good faith for materials used and labor furnished in and about remodeling and improving said building the sum of at least five thousand ($5000) dollars. And the lessee further agrees to furnish the said lessor, upon the execution of this lease, a bond in the sum of five thousand ($5000) dollars, issued by a surety company satisfactory to said lessor, said bond to be conditioned upon the faithful performance by said lessee of his said covenant last above made."

The bond sets forth that the makers are bound in the "penal sum of five thousand ($5000) dollars," and provides that "whereas it was also stipulated and agreed by the said Edward F. Cullerton, as lessee, in the said lease, that he, the said Edward F. Cullerton, as such lessee, should, and he would within the period of six (6) months from the said 1st day of July, A. D. 1910, make or cause to be made upon the hereinbefore described premises, improvements to the value of five thousand ($5000) dollars, now, if the said Edward F. Cullerton, as lessee, shall within the period of six months beginning the 1st day of July, A. D. 1910, and ending on the 2d day of December, A. D. 1910, go ahead, in keeping with the terms of the said lease, and make or cause to be made upon the premises hereinbefore described, improvements to the value of five thousand ($5000) dollars, then this obligation to be void, but otherwise it shall remain in full force and effect."

Plaintiff in error Cullerton went into possession of the premises shortly after the execution of the lease, paid three months' rent and began the work of remodeling and improving the building. Before the end of the year the work was stopped and no further payment of rent was made. The record is silent as to the reason of Cullerton's failing

to go ahead with the contract in the lease. Notices of forfeiture were served upon him, and defendant in error took possession of the premises on April 1, 1911, the evidence tending to show that the building was left by Cullerton in quite a dismantled condition. By a stipulation of facts it was agreed that Cullerton, after taking possession of the premises, had furnished material and performed labor on them at a cost of $1500, and it seems that this amount was expended in good faith and that defendant in error received the benefit of this work on the building.

That there was a breach of the contract in the lease and bond cannot, on this record, be disputed. The only serious question in the case is whether the amount in said bond be held to be a penalty, only, or as liquidated damages. The trial and Appellate Courts held that it should be construed as liquidated damages. In order to reach a fair conclusion on this question there can be no doubt that the lease and bond should be construed together. This court has said more than once that no branch of the law is involved in more obscurity by contradictory decisions than whether a sum specified in an agreement to secure performance will be treated as liquidated damages or a penalty and that each case must depend upon its own peculiar and attendant circumstances, and that therefore general rules of law on this subject are often of very little practical utility. While the intention of the parties must be taken into consideration, the language of the contract is not conclusive. The courts of this State, as well as in other jurisdictions, lean toward a construction which excludes the idea of liquidated damages and permits the parties to recover only the damages actually sustained. (*Advance Amusement Co.* v. *Franke,* 268 Ill. 579; *Gobble* v. *Linder,* 76 id. 157; *Scofield* v. *Tompkins,* 95 id. 190.) The great weight of authority in this and other jurisdictions is based upon the principle that a stipulated sum will not be allowed as liquidated damages unless it may be fairly allowed as compensation for the breach.

280 — 33

(1 Sedgwick on Damages,—9th ed.—sec. 407, and cases cited; 19 Am. & Eng. Ency. of Law,—2d ed.—397.) "As a general principle, it is the tendency and preference of the law to regard the stipulation or covenant as of the nature of a penalty rather than as liquidated damages, because then it may be apportioned to the loss actually sustained, and compensation for that loss is the full measure of justice and right." (8 R. C. L. 564.) The intention of the parties, as shown by the contract, is an important but not a conclusive element in determining this question. Ordinarily the intention is a cardinal factor in determining whether the sum stipulated is to be considered as a penalty or liquidated damages, where the intention can be clearly made out from the contract itself, in the light of the facts and circumstances surrounding its execution. "A bond is *prima facie* a penal obligation, but the sum stated where a penalty is usually inserted has sometimes been held liquidated damages. This has seldom been done, however, unless words were employed in connection with that sum to countervail the implication of penalty." (1 Sutherland on Damages,—4th ed.—sec. 284.) And the general rule is, that where the contract is in the form of a bond the amount named "will be deemed a penalty and not liquidated damages." (19 Am. & Eng. Ency. of Law,—2d ed.—415.) This court has said more than once that the "courts will look to see the nature and purpose of fixing the amount of damages to be paid, and if it appears to have been inserted to secure the prompt performance of the agreement it will be treated as a penalty and no more than actual damages proved can be recovered." (*Advance Amusement Co. v. Franke, supra,* on p. 582; *Westfall v. Albert,* 212 Ill. 68.) "The clause fixing the amount of the damages will be treated as a penalty where it appears to have been inserted to secure prompt performance of the agreement." (8 R. C. L. 572.)

Comparing this case with *O'Brien* v. *Illinois Surety Co.* 203 Fed. Rep. 436, the instruments construed in the two cases are similar in many respects as to the conditions of the bond and contract. There an agreement was entered into to construct a building, with a bond accompanying it, providing, as this bond does, a penalty of $5000, conditioned for the carrying out of the contract as to the construction of the building. The court said (p. 438): "The sum named in the bond was clearly a penalty, intended to indemnify O'Brien against such damages as the law might declare owing to him for any breach of any condition of the bond." The reasoning of that decision has been fully approved, after a review of many authorities, in the late case of *Northwestern Terra Cotta Co.* v. *Caldwell*, 234 Fed. Rep. 491.

Counsel for the defendant in error argue that this contract is of a nature that makes it especially difficult to ascertain the amount of damages for its breach, and that therefore, under the general rules laid down in discussing the question of penalty or liquidated damages, the $5000 in this case ought to be considered liquidated damages rather than a penalty. We do not think there is anything in the nature of this contract that would make it especially difficult to ascertain the damages, as there is in that class of cases where one has agreed to give his personal services to another, or where one has sold out a business with the good will, agreeing not to engage in business for a specified number of years or within a limited territory. Reading the provisions of the lease and the bond together, it seems quite clear that the bond was given for the purpose of securing a prompt performance of the agreement, and the $5000 should not be considered as liquidated damages, for if that be the construction, if plaintiff in error Cullerton had expended $4900 which had resulted in a benefit to that amount to defendant in error, still, had he failed to go on, even though he was only required to expend $100 more to make

the amount $5000 in accordance with the terms of the lease and bond, the whole amount of the bond ($5000) would have to be held liquidated damages. Such a construction would be most unjust and unconscionable and in our opinion is not the proper construction of the contract and bond here under consideration.

Counsel for defendant in error cite and rely strongly upon the decision of *McCullough* v. *Moore,* 111 Ill. App. 545. Under the statute creating Appellate Courts it is especially provided that the opinions of the Appellate Court "shall not be of binding authority in any cause or proceeding, other than in that in which they may be filed." (Hurd's Stat. 1916, par. 34, p. 776.) Necessarily this must be the rule, with the many Appellate Courts established in this State, and none of them, in most cases, having jurisdiction to decide finally. At the most, the reasoning in any Appellate Court decision can only be persuasive and not binding on this court, and, as already stated, the decision of any court on this question is not necessarily conclusive, as each case must depend very largely on its own special facts. To put the construction upon this lease and bond contended for by defendant in error might work great oppression and hardship. Fairly construed, in the light of the surrounding circumstances, this lease and bond should be construed as providing that the sum specified in the bond is a penalty and not liquidated damages.

The judgments of the Appellate and superior courts will be reversed and the cause remanded to the superior court for further proceedings in harmony with the views herein expressed.                 *Reversed and remanded.*