**John J. Pinta and Anna Pinta, Appellants, v. Joseph Kral et al., Appellees.**

**Gen. No. 38,592.**

Opinion filed April 22, 1936.

PELNAR & BERNARD, of Chicago, for appellants.

CHARLES A. CHURAN, of Chicago, for appellees.

MR. JUSTICE DENIS E. SULLIVAN delivered the opinion of the court.

This is an appeal from a judgment of the circuit court entered in favor of the defendants, Joseph Kral, Antonette Kral and Anna Zitney, in a suit in assumpsit commenced by the plaintiffs, John J. Pinta and Anna Pinta. The suit alleged the making of a note by the defendants for the sum of $2,000. Judgment was first entered by confession and on defendants' motion the judgment was opened with leave to appear and defend. The cause was tried before a jury who found for the defendants.

Plaintiff's pleadings consisted of a *narr* and *cognovit,* alleging the making by the defendants of a note for $2,000, dated September 4, 1931, payable to the

order of the plaintiffs on demand, with warrant of the attorney to confess judgment for the face of the note.

Plaintiff's theory of the case is that the note sued upon was executed by the defendants in accordance with the terms of a real estate exchange contract. That the plaintiffs' right of action to sue on said note was complete as soon as the defendants breached said contract, said breach having been committed by the defendants four days after the contract was signed, when the defendants notified the plaintiffs that they would not go through with the exchange contract. Said note being a part of the exchange contract, it was based upon a good and valuable consideration; that said note was given to fix and limit the amount of damages recoverable in the event of a breach of the contract, and is valid and enforceable.

The defendants' theory of the case is that there were misrepresentations made as to values and therefore the contract and note were obtained by fraud; that the note was given (if the court should hold that it was properly executed) in the nature of a guarantee or penalty and only actual damages could be recovered; that there was never any delivery of the note and that there was no consideration for said note.

This case was before this court on a former appeal from a judgment entered by the trial court in the sum of $2,182.50 in favor of the plaintiffs and against the defendants. At that time this court reversed the judgment and remanded the cause to the circuit court for a new trial because of the error committed in denying the defendants a jury trial. *Pinta v. Kral,* 272 Ill. App. 611 (Abst.).

As we have already stated this controversy grows out of a real estate transfer, the contract for which concerning said note provides as follows:

"Each party hereto have executed to each other judgment notes in the sum of $2,000.00, which said

notes are to be held as guarantee of faithful performance of this contract by the respective parties.''

It is the further contention of the defendants that the note and contract were obtained by the fraud of plaintiffs' broker; that defendants did not know that they had signed a note and that the note was never delivered to plaintiffs.

It further appears that the defendants gave plaintiffs notice within three or four days after the contract was signed not to go to any expense in the deal, because they found that they were imposed upon, and that plaintiffs themselves canceled the contract shortly thereafter.

No evidence was offered by the plaintiffs to prove their damages, they relying upon their claim that the note fixed the amount of liquidated damages and it was not necessary for them to offer proof to show what damages they sustained. The trial court was of the opinion that the note was given as a penalty and left the question of damages to the jury. The instructions are not abstracted.

Much evidence was heard as to the circumstances regarding the obtaining of the signing of the contract for the transfer of the property and the value thereof which we think it quite unnecessary in this opinion in view of our construction of the clause providing for the execution of the notes between the purchaser and the seller. Was the sum named in the note the amount of liquidated damages to be paid for nonperformance, or was it a guarantee, which required proof as to the damages sustained? By the language of the contract pertaining to the note, it is not mentioned as liquidated damages but to guarantee performance. What did the parties intend by this section of the contract? Did they intend that if either made a default in the terms of the contract which, in the opinion of the other, was not a ''faithful performance,'' then without further

ado judgment could be confessed on the note and the money paid to the nondefaulting party? Or, was it as it imports by its terms, a guarantee of performance and if either party defaulted causing damage to the other, the damage could be proven and the note guarantee the payment of such damage from one to the other?

In order to arrive at a fair interpretation of these two documents, the real estate contract and the note, they shall be considered together, from which we find the plaintiffs and the defendants engaged in a real estate deal for the transfer of their respective properties and in pursuance of said purpose executed a written contract for the exchange of real estate which · was the major purpose of the entire transaction. Both plaintiffs and defendants executed their respective notes for $2,000 each and exchanged them with each other. The only purpose of this exchange of notes, which appears in writing, is that given in the clause of the contract heretofore quoted. After confession of judgment had been entered upon the note and the judgment opened up and defendants permitted to defend, it appears that said defendants had a defense to the real estate transaction, alleging fraud and misrepresentation in the procuring of the signatures to the contract and to the note.

In the case of *Giesecke v. Cullerton,* 280 Ill. 510, at page 513, the court said:

"This court has said more than once that no branch of the law is involved in more obscurity by contradictory decisions than whether a sum specified in an agreement to secure performance will be treated as liquidated damages or a penalty and that each case must depend upon its own peculiar and attendant circumstances, and that therefore general rules of law on this subject are often of very little practical utility.

While the intention of the parties must be taken into consideration, the language of the contract is not conclusive. The courts of this State, as well as in other jurisdictions, lean toward a construction which excludes the idea of liquidated damages and permits the parties to recover only the damages actually sustained. (*Advance Amusement Co. v. Franke,* 268 Ill. 579; *Gobble v. Linder,* 76 id. 157; *Scofield v. Tompkins,* 95 id. 190.) The great weight of authority in this and other jurisdictions is based upon the principle that a stipulated sum will not be allowed as liquidated damages unless it may be fairly allowed as compensation for the breach.''

The general rule of law in this State is to allow compensation for the damages which have been sustained, to be proven by the injured party, rather than construing the sum named in the instrument as being the amount of liquidated and ascertained damages. And where, as in this case, the language of the contract refers to it as a guarantee of performance, leaving it in the mind of the complaining party to determine what is performance, any slight failure upon the part of the other parties would subject them to the penalty of the $2,000, and this could not have been in the minds of the parties at the time they executed these notes and contract. Even where the language of a contract refers to the sum named as liquidated damages, the same does not always control.

As was said in *Scofield v. Tompkins,* 95 Ill. 190:

''The fact that the parties fix a sum to be paid and call it liquidated damages, does not always control the question as to the measure of the recovery for the breach of the contract. Courts will look to see the nature and purpose of fixing the amount of damages to be paid. And if the clause fixing the amount of the damages appears to have been inserted to secure

prompt performance of the agreement, it will be treated as a penalty, and no more than the actual damages proved can be recovered.''

In the instant case the language plainly discloses that it was given as a guarantee for performance and the sum named was a penalty and not a liquidated sum which the parties had determined should be paid regardless of the damages incurred by the breach.

We find that the trial court was correct in its interpretation of this contract and inasmuch as no evidence was offered by the plaintiff as to the amount of actual damages which it sustained, the jury was justified in finding for the defendants and the court was correct in sustaining the said verdict for the defendants and entering judgment for costs against the plaintiffs.

For the reasons heretofore given, we are of the opinion that the judgment of the circuit court should be and the same hereby is affirmed.

*Judgment affirmed.*

HALL, P. J., and HEBEL, J., concur.