## Henrietta Snell v. John J. Owen and Ida Davis.

1. LEASE—*Terminated by Judgment of Restitution—Responsibility of Guarantor.*—A judgment of restitution in a suit of forcible detainer for the possession of leased premises puts an end to the lease, and a guarantor on the lease is not responsible for rent accruing after such termination.

Suit, for rent. Appeal from the County Court of Cook County; the Hon. CHARLES A. BISHOP, Judge, presiding. Heard in this court at the March term, 1896. Affirmed. Opinion filed March 31, 1896.

F. L. SALISBURY, attorney for appellant.

W. H. POPE, attorney for appellee.

The service of the notice and the bringing the suit in forcible detainer was an election by appellant to determine the lease, and it did determine it. Oldershaw v. Holt, 12 Adol. & E. 590; Leavy v. Pattison, C6 Ill. 203; Chadwick v. Parker, 44 Ill. 326.

Whenever a party seeks the aid of a court of justice to enforce his rights and submits his case and objections to the decision of a court, and invites it to decide upon them, and makes no objection to the jurisdiction until after the court has heard and adjudicated, he is estopped from subsequently objecting to its decision and the proceedings taken thereon. Brown v. Haines, 12 Ohio 1; Ela v. McConnihe, 35 N. H. 729.

MR. JUSTICE SHEPARD DELIVERED THE OPINION OF THE COURT.

This is an appeal from a judgment of the County Court,

rendered there in favor of the appellant upon appeal by the appellees from a justice's judgment against them.

Although there were no pleadings, the proof showed the action to be upon the covenants to pay rent contained in a certain lease from the appellant to the appellees. The claim was for rent for the months of February, March and April, 1894, at the rate of $61 a month, as owing by both of the appellees. The judgment was for $61, or one month's rent, and was against the appellee Davis alone.

In March, 1893, a suit in forcible detainer was brought by the appellant against the appellees for possession of the leased premises, and a judgment of restitution recovered. That judgment operated to put an end to the lease. Johannes v. Kielgast, 27 Ill. App. 576.

Notwithstanding the lease was thus terminated, it seems that the appellee Davis stayed in possession of the premises and paid rent therefor for some time thereafter, but for how long a time does not appear. It was, presumably, on account of such occupation that the court gave judgment against her.

Mere evidence that there was three months rent due and unpaid under the lease that was terminated long before such three months, without any proof of how long the premises continued to be occupied by either appellee after such termination, affords no ground for the appellant to complain that the judgment in her favor was not for enough.

It is not material that the County Court found that the appellee Owen was a guarantor on the lease and therefore, on that ground, dismissed the suit as to him. He was properly dismissed out of the suit, because the lease signed by him was terminated by the act of the lessor long before any of the rent claimed accrued, and there was no evidence that he was ever in possession of any part of the premises, either before or after the lease was terminated.

The judgment and proceedings in the forcible detainer suit were regular, and were properly proved, and we find no sufficient error in the record to warrant a reversal of the judgment.

It will therefore be affirmed.