**Jacob Weber et al., Defendants in Error, v. Jim Moy, Plaintiff in Error.**

**Gen. No. 18,699.    (Not to be reported in full.)**

Error to the Municipal Court of Chicago; the Hon. JOSEPH SABATH, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1912. Reversed. Opinion filed November 4, 1913.

### Statement of the Case.

Action by Jacob Weber, Samuel Weber and Julia Weber, trustee of the estate of Louis Weber, deceased, against Jim Moy to recover rent due under a lease united with an action of forcible detainer. From a judgment for plaintiffs for four hundred dollars, defendant brings error.

WILLIAM A. MORROW AND CHARLES F. HILLE, for plaintiff in error.

BULKLEY, GRAY & MORE, for defendants in error.

MR. JUSTICE BARNES delivered the opinion of the court.

Weber v. Moy, 183 Ill. App. 200.

## Abstract of the Decision.

1. DAMAGES, § 88*—*intention of parties determines whether deposit liquidated damage.* In determining whether a deposit made by a lessee under the terms of a lease is a penalty or liquidated damages, the intention of the parties as evinced in the written lease must govern regardless of the terms used to designate the deposit.

2. DAMAGES, § 88*—*construction favored to exclude liquidated damages.* Courts lean towards such construction as will exclude the idea of liquidated damages and will permit the recovery only of such damages as have been actually suffered.

3. DAMAGES, § 88*—*when lessee's deposit is a penalty.* Where a lease provides for a deposit by the lessee as security for performance and to be forfeited on any breach of the lease, giving the lessor a right to recover any further damages in excess of the deposit and no other damages than unpaid instalments of rent are or can be claimed, the deposit should be considered as a penalty and not as liquidated damages.

4. DAMAGES, § 88*—*when damages for breaches of different conditions cannot be exactly computed.* Where damages from breach of some of the conditions of a lease are capable of exact computation and the nonperformance of other conditions may not be measurable by any exact pecuniary standard, a sum of money made payable in gross for the breach of any condition is a penalty and not liquidated damages.

5. LANDLORD AND TENANT, § 311*—*when lessee entitled to off-set on failure to return deposit.* Where a lessor terminates the lease and sues for four hundred dollars unpaid rent and the lessee claims off-set from a deposit of one thousand dollars made as security for faithful performance and to be forfeited for any breach of the lease, it is proper to give judgment for the lessee for six hundred dollars.

6. LANDLORD AND TENANT, § 486*—*when termination by lessor limits recovery of damages.* Where a lessor elects to terminate the lease on failure to pay rent and sues for the unpaid rent on the lessee claiming an off-set from a failure to return his deposit made to secure faithful performance, the lessor can assert no right to damages other than the unpaid rent.

7. PLEDGES, § 24*—*when lessee's deposit should be returned.* In the absence of any express provisions in a lease relating to the return of a sum deposited as security, it should be returned when the occasion for its retention no longer exists, such as where the lessor elects to terminate; and the doctrine that an implied contract cannot exist where there is an existing express contract upon the same subject has no application.

*See Illinois Notes Digest, Vols. XI to XIV, same topic and section number.

8. PLEDGES, § 44*—*time to claim deposit not returned as off-set.* Where in an action for rent the lessee claims an off-set for failure to return a sum deposited as security, the principle requiring a party to a contract seeking damages for nonperformance by the other party, to allege and prove that he has complied with the provisions of the contract required to be performed by him has no application.

9. PLEDGES, § 44*—*when lessee claiming his deposit need not prove performance.* Where a lease provides that lessee's deposit to insure performance shall be retained until termination by lapse of time of the lease and the lessor declares a termination for failure to pay rent, the lessee need not wait until the time expiration of the lease to sue for his retained deposit, and may claim it as an off-set in the lessor's action for rent.