**William Billos and George Thanos, Appellees, v. Joseph F. Kozlowski, Appellant.**

**Gen. No. 22,812.    (Not to be reported in full.)**

Appeal from the Municipal Court of Chicago; the Hon. JOHN J. SULLIVAN, Judge, presiding. Heard in this court at the October term, 1916. Affirmed. Opinion filed April 16, 1917.

## Statement of the Case.

Action by William Billos and George Thanos, plaintiffs, against Joseph T. Kozlowski, defendant, to recover money deposited as security for the payment of rent. From a judgment for $853.28 in favor of plaintiffs, defendant appeals.

BEACH & BEACH, for appellant; PAUL C. SCHUSSMAN, of counsel.

W. A. MORROW, for appellees.

·· MR. PRESIDING JUSTICE McSURELY delivered the opinion of the court.

## Abstract of the Decision.

1. DAMAGES, § 85*—*when money deposited by tenant as security for rent not treated as liquidated damages.* In an action to recover

---

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

money deposited under a lease to secure the payment of rent, where the plaintiffs had been dispossessed under a judgment for possession, and the rent of one month amounting only to one-eighth of the deposit, was involved, and the issue was whether the defendant was entitled to retain the entire deposit as liquidated damages, *held* that to compel the forfeiture of the entire amount of the deposit for the nonpayment of a month's rent would be unconscionable.

2. DAMAGES, § 85*—*what is nature of money deposited by tenant as security for rent.* Money deposited by a tenant as security for rent will, as a rule, be regarded as a penalty merely and not as liquidated damages, and it is immaterial whether the deposit is called a penalty or liquidated damages, and particularly so when the deposit is out of all proportion to the rent due.

3. DAMAGES, § 85*—*what is important in determining whether deposit is penalty or otherwise.* The element of reasonableness is an important factor in determining whether or not a deposit should be considered as a penalty or otherwise, and if the forfeiture would be unreasonable, the entire deposit should not be applied as liquidated damages.