CHICAGO—FIRST DISTRICT—NOVEMBER, 1920. 147

Virginia Amusement Co. v. Mid-City T. & S. Bk., 220 Ill. App. 147.

# Virginia Amusement Company, Appellee, v. Mid-City Trust & Savings Bank, Appellant.

## Gen. No. 25,600.

1. LANDLORD AND TENANT, § 274*—*when deposit for rent may not be kept by lessor.* Where a lessee according to the terms of a 12-year lease deposited $17,000 with the lessor, $8,500 to apply "as rent" for the first year of the term and $8,500 for the last year, and the lessee was dispossessed before the last year of the term by forcible detainer proceedings on account of the nonpayment of 3 months' rent, the lessor was entitled to withhold from the $8,500 only the 3 months' rent due, notwithstanding a provision in the lease, that should the lessees be guilty of a breach of any of their agreements "all sums of money paid by them upon said lease as rent, shall immediately be forfeited to said first party as liquidated damages," since this was a provision for a penalty and not for liquidated damages.

2. LANDLORD AND TENANT, § 274*—*when tenant is not liable for abandonment of premises.* A provision in a lease, that the lessee satisfy any deficiency in rent collected from a new tenant should the lessee "abandon or vacate," has no application where the lessee is dispossessed by the lessor.

3. LANDLORD AND TENANT, § 274*—*when tenant is not liable for repairs under lease.* A lessor is not entitled to a credit for sums disbursed for repairs, even though a lease provides that the tenant shall be liable for the cost of repairs, when it appears that the disbursements were not for such repairs as the tenant was required to make under the terms of its lease.

Appeal from the Municipal Court of Chicago; the Hon. WELLS M. COOK, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1919. Affirmed. Opinion filed November 30, 1920.

M. W. BORDERS and NORMAN G. COLLINS, for appellant.

BUSBY, WEBER, MILLER & DONOVAN, for appellee.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE GRIDLEY delivered the opinion of the court.

By this appeal the Mid-City Trust & Savings Bank, a corporation (hereinafter referred to as the bank), seeks to reverse a judgment rendered against it and in favor of the Virginia Amusement Company, a corporation (hereinafter referred to as the Amusement Co.), on May 21, 1919, for $6,557.65, by the municipal court of Chicago, in an action of the first class in contract, tried before the court without a jury.

On March 26, 1907, by written lease, Alexander W. Hannah leased to Howse and Ritchey, the lessees, certain premises on West Madison street, Chicago, Illinois, "together with the theatre to be erected thereon" for a term of 12 years, commencing September 15, 1907, and ending September 14, 1919. By mesne conveyances the lease was assigned by the lessor to the bank, and on November 12, 1907, the rights of said lessees therein were assigned to the Amusement Co. The lessees covenanted to pay as rent for the premises the total sum of $102,000, payable in instalments of $1,000 in cash, $2,000 on July 1, 1907, $3,000 on August 1, 1907, and $11,000 on September 1, 1907, "said sums to apply as rent for the first year of said term and the last year of said term"; and also instalments of $708.33, each in advance, upon the first day of each and every month of said term, from and including September 15, 1908, to September 15, 1918. It will be observed that the lessees were to pay $17,000 before the commencement of the term, which sum was to apply "as rent" for the first and last years of said term, or, in other words, $8,500 was to apply as rent for the last year, viz., the year commencing September 15, 1918, and ending September 14, 1919. The lessees further covenanted that they would keep the premises in good repair at their expense, and that, "upon the termination of this lease in any way," would yield up the premises to the lessor

"in good condition and repair (loss by fire and ordinary wear excepted)." The parties agreed that if the lessees should "abandon or vacate" the premises, the lessor might relet the same for such rent and upon such terms as he might see fit, and that, if a sufficient sum should not be thus realized after paying expenses to satisfy the rent reserved, the lessees agreed to satisfy and pay all deficiency. The parties further agreed that, "if default be made in the payment of the rental above reserved, or any part thereof, or in any of the covenants and agreements herein contained," to be kept by the lessees, it should be lawful for the lessor, at his election, at any time thereafter, without notice, " to declare said term ended, and to re-enter said demised premises," and to expel or put out the lessees or any persons occupying the premises, "without prejudice to any remedies which might otherwise be used for arrears of rent or preceding breach of covenants." The lessees further covenanted to pay all reasonable costs, attorneys' fees and expenses that should be incurred by the lessor "in enforcing the covenants and agreements of this lease." The parties further agreed that should the lessees "be guilty of a breach of any of the covenants or agreements in said lease to be by them kept and performed, then and in such event any and all sums of money, paid by them upon said lease as rent, shall immediately be forfeited to said first party as liquidated damages."

The Amusement Co., before it took possession of the premises, paid to the bank the $17,000, and also thereafter paid the stipulated monthly rent up to and including the rent for April, 1918, but then ceased making rent payments. Under date of July 1, 1918, an attorney for the bank sent a letter to the Amusement Co., saying that the owner of the premises had placed in his hands for collection rent for the month of June, "with strict instructions to bring suit for

150    APPELLATE COURTS OF ILLINOIS.

Virginia Amusement Co. v. Mid-City T. & S. Bk., 220 Ill. App. 147.

possession'' unless the amount was immediately paid, and that unless payment was made before July 5, legal steps would be taken on that day ''to recover possession of these premises.'' On July 12, 1918, the bank served on the Amusement Co. a landlord's five-day notice, notifying it that there was then due as rent the sum of $2,187.48, and demanding payment thereof, and saying that unless payment of said sum was made on or before July 17, 1918, ''your lease of said premises will be terminated.'' On July 18, 1918, the bank filed a complaint in forcible detainer in said municipal court against the Amusement Co. to recover possession of said premises. On July 20, 1918, summons was served, and on July 24, 1918, judgment was entered for possession but not for rent, and on July 31, 1918, a writ of restitution was issued. On the same day, and before the writ was served, the Amusement Co., in obedience to the court's order, vacated the premises and the bank took possession thereof. On August 10, 1918, the Amusement Co. served on the bank a written demand for the sum of $8,500, ''being the amount which was heretofore deposited'' by the Amusement Co. ''under the terms of said lease as security therefor,'' less the sum of $2,187.48, ''being the amount of rental accrued and payable to you for our possession of the premises.'' The bank did not comply with the demand, and on August 28, 1918, the Amusement Co. commenced the present action, seeking to recover from the bank said difference of $6,312.52, together with legal interest thereon from the date of service of said written demand.

To plaintiff's statement of claim the bank filed an affidavit of merits and as amended statement of set-off. In the latter pleading it was alleged, in substance, that the Amusement Co. had failed to yield up the premises in good condition and repair and that, by reason thereof, the bank had been required to expend in repairs the sum of $1,298.82; that the premises

were vacant from August 1 to December 1, 1918, when they were rented to another tenant for a term ending April 30, 1924; and that the bank had sustained a further loss of $3,954.12, on account of the difference in the amount of rent which it would have received had the Amusement Co. performed its covenants as to payments of rent. In the affidavit of merits of the Amusement Co. to said statement of set-off there were set forth in detail the service on the Amusement Co. of said landlord's five-day notice, the forcible detainer proceedings, the entry of the judgment for possession, and the issuance of the writ of restitution; and it was alleged that, in compliance with said judgment and writ, the Amusement Co. vacated the premises and surrendered the possession thereof to the bank, and that thereby, said lease and said tenancy became and were terminated, and that upon said termination the Amusement Co. had yielded up the premises in good condition—ordinary wear excepted. The Amusement Co. denied that because of any default on its part the bank had been compelled to expend any sum for repairs, and alleged that if any sum had been expended it was for the purpose of making alterations and not repairs. The Amusement Co. further denied that it owed the bank any of the sums of money mentioned in said statement of set-off.

On the trial the facts as above outlined were disclosed. It was stipulated that at the time of the service of said landlord's notice, July 12, 1918, the Amusement Co. owed the bank for 3 months' rent, and that if the court should hold that the Amusement Co. was entitled to recover, there should be a deduction from said $8,500 of $2,187.48, for said unpaid rent. The finding of the court was in favor of the Amusement Co. for the full amount of its claim including interest.

The main contention of counsel for the bank is that the Amusement Co. is not entitled to recover back any

portion of said $8,500, because the same, when paid to the bank in accordance with the terms of the lease, was a payment of an existing obligation and not merely a deposit as security for the performance of the covenants of the lease on the part of the Amusement Co. The contention of counsel for the Amusement Co. is just the reverse, and that, notwithstanding the provision in the lease (viz., that should the lessees be guilty of a breach of any of their agreements "then and in such event any and all sums of money, paid by them upon said lease as rent, shall immediately be forfeited to said first party, as liquidated damages"), under the facts disclosed said sum should not be considered as liquidated damages but only as a penalty. The trial court held as a proposition of law that said provision in the lease "is a provision for a penalty, and, by reason of the fact that the defendant terminated said lease in the month of July, 1918, and dispossessed the plaintiff through forcible detainer proceedings, the defendant is only entitled to withhold from the sum of $8,500, then in its possession to apply upon the last year's rental under said lease, the amount due as rental for the months of May, June and July, 1918, and such further sum, if any, in the way of damages as may have been suffered by the defendant by reason of the plaintiff's breach, if any breach there was, of any of the other covenants of said lease prior to the termination of said lease by the defendant." Under the facts shown, and under the law as disclosed by decisions of courts of review of this and other states, we are of the opinion that the above holding of the trial court is correct. (*Advance Amusement Co. v. Franke,* 268 Ill. 579; *Kay Gee Amusement Co. v. Cave,* 177 Ill. App. 250, 255; *Weber v. Moy,* 183 Ill. App. 200; *Billos v. Kozlowski,* 205 Ill. App. 285; *Caesar v. Rubinson,* 174 N. Y. 492; *Chaude v. Shepard,* 122 N. Y. 397; *Cunningham v. Stockon,* 81 Kan. 780; *Moumal v. Parkhurst,* 89 Ore. 248.)

It is further contended by counsel for the bank that the trial court erred in refusing to admit in evidence the offered testimony of the witness, Alexander Friend, as to loss of rent claimed to have been sustained by the bank after the Amusement Co. was dispossessed, viz., the difference between what the bank collected from the new tenant for the balance of the term, after such dispossession, and what the bank would have collected from the Amusement Co. had the latter remained in possession and paid its stipulated rent.  The court held as a proposition of law that the provision in the lease, to the effect that if the lessees should "abandon or vacate" said premises the same should be relet by the landlord, etc., and if a sufficient sum should not be thus realized, after paying the expenses of such reletting and collecting, to satisfy the rent reserved, the tenant agreed to satisfy and pay all deficiency, "has no application under the facts of this case, for the reason that the plaintiff did not abandon or vacate said premises, but the landlord elected to terminate said lease and dispossess the plaintiff." Under the facts disclosed and under the law we are also of the opinion that the court's holding was substantially correct and that no error was committed in refusing to admit said testimony. (*Snell v. Owen,* 63 Ill. App. 377, 378; *Johannes v. Kielgast,* 27 Ill. App. 576, 579; *Michaels v. Fishel,* 169 N. Y. 381.)

Some evidence was introduced by the bank in the endeavor to show that it had disbursed certain sums for repairs on the premises after the Amusement Co. was dispossessed, and the bank claimed it should be allowed credit therefor.  The court refused to make any such allowance, and properly, we think, for the reason that it appeared that such disbursements were not for such repairs as the Amusement Co. was required to make under the terms of the lease.

The judgment of the municipal court will be affirmed.

*Affirmed.*

BARNES, P. J., and MATCHETT, J., concur.