**E. H. Johnson, Trustee in Bankruptcy of the Lemle-Barrett Company, Bankrupt, Appellant, v. Harry M. Englestein et al., Appellees.**

### Gen. No. 29,153.

1. PLEADING—*impropriety of pleading conclusions of law.* In an action involving a lease, allegations which are merely conclusions of law as to how the lease should be construed have no place in the statement of claim.

2. LANDLORD AND TENANT—*rights in deposit on advance payments of rent.* Where at the time a lease was executed a sum equal to the rent for ten weeks was paid to the lessor to be applied in payment of the rent for the last ten weeks of the term and the lease was terminated prior to that time such sum must be refunded, less any sums due for rent or other damages sustained on account of the lessee's failure to carry out his contract, though

there was no express provision in the contract that such sum should be refunded if the lease was terminated before the last ten weeks of the term.

3. LANDLORD AND TENANT—*action to recover deposit.* In an action to recover a sum advanced by a lessee to insure performance of his contract and to apply on the rent for the last ten weeks of the term, where the lease was terminated during the term, the lessee's statement of claim was defective in failing to allege that the rent was paid to the time the lease was terminated, but such defect will not prevent the lessee from recovering what is justly due him.

Appeal by plaintiff from the Municipal Court of Chicago; the Hon. CHARLES A. WILLIAMS, Judge, presiding. Heard in the third division of this court for the first district at the March term, 1924. Reversed and remanded. Opinion filed February 11, 1925.

GILBERT F. WAGNER, for appellant.

SAMUELS, LAWTON & WITTELLE, for appellees.

MR. PRESIDING JUSTICE O'CONNOR delivered the opinion of the court.

Plaintiff brought suit against the defendants to recover $2,500, with interest thereon at 5 per cent per annum, from April 7, 1923, claiming that this sum had been paid under the terms of a written lease which had terminated. Plaintiff's statement of claim, on motion of the defendants, was stricken, on the ground that it did not state a cause of action, and leave was given to file an amended statement of claim, which was accordingly done, and the amended statement of claim was also stricken, on motion of the defendants, because the court held it failed to state a cause of action. Judgment was entered against the plaintiff for costs and he appeals. So that the question for decision is, did plaintiff's amended statement of claim state a cause of action.

Plaintiff alleges in his amended statement of claim that he was duly appointed receiver and afterwards

trustee by the United States District Court for the Northern District of Illinois, Eastern Division, of the Lemle-Barrett Company, a corporation, who was lessee in a lease executed between the bankrupt and the defendants on the 7th day of April, 1923, whereby certain premises in Chicago were demised to the bankrupt for a period beginning April 8, 1923, and ending April 26, 1924. A copy of the lease was attached to and made a part of the amended statement of claim.

Plaintiff further alleges that the bankrupt upon the execution of the lease entered into possession of the premises on the 8th day of April, 1923, and continued in such possession until the latter part of April or the first of May, 1923, when a petition was filed against the lessee asking that it be adjudged a bankrupt by the United States District Court; that plaintiff was appointed receiver in that proceeding; that a few days prior to the filing of the petition in bankruptcy, the defendants as lessors filed an action of forcible detainer, seeking possession of the property by reason of the default, in payment of rent, by the lessee.

Plaintiff further alleges that "either in the latter part of the month of April, 1923, or in the early part of May, 1923, defendants declared the said lease terminated and its period ended and, shortly thereafter, the premises so leased to the bankrupt by defendants, as aforesaid, were surrendered to defendants and possession thereof delivered to defendants, by this plaintiff, who then and there was the duly appointed and qualified and acting receiver in bankruptcy of the estate of said bankrupt * * *; and thereupon defendants entered in and upon said premises and took full possession thereof."

It is further alleged that under the terms of the lease the lessee was required to pay a rental of $250 per week, beginning on the 16th of April, 1923, and ending April 26, 1924; that on or about the date of

the execution of the lease, the lessees deposited with the defendants $2,500, which sum, according to the provisions of the lease, was advanced rent to be applied by defendants upon said "portion of the rent reserved by said lease which would be earned under said lease during the last ten weeks of the term." There are other allegations made in the amended statement of claim which it is unnecessary to state here. The lease, which is attached to and made a part of the amended statement of claim, provides inter alia that "the lessee hereby covenants and agrees with the lessors, to pay unto them, the said lessors, as rent for said demised premises, the sum of Twenty-five Hundred Dollars ($2500.00) at the time of the signing and sealing of the instrument of lease and the sum of Two Hundred and Fifty Dollars ($250.00) on Monday, April 16, 1923, and the sum of Two Hundred and Fifty Dollars ($250.00) on each and every Monday thereafter during the term until and including Monday, the 17th day of February, A. D. 1924." The lease further provides that in the event the premises are destroyed by fire the lease shall be terminated, unless the lessors shall within thirty days from such destruction "commence the repair thereof"; that in case the lease is terminated on account of the building being destroyed by fire and a failure of the landlord to commence repairs within thirty days, the lessor shall at once pay unto said lessee the sum of $2,500, less any sum that might be due under the terms of the lease; that if the lessee was in possession of the premises on February 17, 1924, and was not then in default or if the lease should be terminated prior to that date by reason of fire and the lessee was not in default, the lessors covenant and agree to pay to the lessee the sum equal to interest at the rate of 5 per cent per annum upon the amount of $2,500 from September 22, 1922 (obviously 1923) to said February 17, 1924, or to the date of any earlier ter-

mination of this lease by reason of fire. By a further provision of the lease the lessors might declare the lease terminated and forfeited for nonpayment of rent or a breach of any of the other provisions of the lease.

There are a number of allegations in the amended statement of claim which are legal conclusions as to how the lease should be construed, and which, of course, have no proper place in a statement of claim under any system of pleading. One of such allegations, which plaintiff contends is an allegation of fact and which, he says, clearly shows the theory on which he bases his claim, is: "The plaintiff further alleges the fact that a just construction of the aforesaid lease, taken as a whole, plainly shows that the manifest meaning and intent and correct interpretation thereof is that the aforesaid sum of $2500.00, deposited by the bankrupt with defendants, as aforesaid, was to be held in trust by defendants, as security for the payment of the rent to accrue, by virtue of said lease, until the first of the aforesaid ten weeks, and was then to be applied by defendants to the payment of the rent accruing in and during the said ten weeks." As stated, this allegation is obviously a legal argument as to the proper construction of the lease, and, therefore, has no proper place in the amended statement of claim. But disregarding such allegations, we think the amended statement of claim should not have been stricken. It sets up the execution of the lease; that the tenant took possession of the premises on the 8th of April, 1923, and continued in such possession until the latter part of that month or the first part of May, 1923, which was about a month; that the lessors began a forcible detainer suit against the lessee on account of failure to pay rent, seeking to terminate the lease and obtain possession of the property; that a petition in bankruptcy was filed against the lessor in the United States court, a

receiver appointed and that the receiver surrendered up to the lessors the premises in question, and that the lessors took possession of the premises and that the lease was thereby terminated. It further appears from the amended statement of claim that at the time the lease was executed the lessee paid the lessors $2,500, which was to be applied in payment of the rent which would accrue in case the lessee remained in possession of the premises during the last ten weeks of the term. The lease having been terminated prior to that time, the $2,500 could not be applied to the payment of the rent for the last ten weeks, and while there was no expressed provision that this $2,500 should be refunded in case the lease were terminated before the commencement of the last ten weeks of the term reserved, yet we are of the opinion, under the authorities, that the $2,500 was given to the lessors as a deposit to secure the faithful performance of the terms of the lease by the lessee, and to be applied to the payment of the rent for the last ten weeks of the term in case the lease was not terminated prior to February 17, 1924, and since the lease was terminated prior to that time, the $2,500 must be refunded, less whatever sum, if any, is due and owing to the lessors for rent or any other damages sustained by them on account of lessee's failure to carry out his contract. *Advance Amusement Co. v. Franke*, 268 Ill. 579; *Virginia Amusement Co. v. Mid-City Trust & Savings Bank*, 220 Ill. App. 147; *Weber v. Moy*, 183 Ill. App. 201; *Billos v. Kozlowski*, 205 Ill. App. 285; *Cunningham v. Stockon*, 81 Kan. 780; *Caeser v. Robinson*, 174 N. Y. 492; *Chaude v. Shepard*, 122 N. Y. 397.

The defendants, however, contend that the provisions involved in the leases in the authorities cited are different from the provision in the lease in the case before us, in that the lease in question expressly provides that the $2,500 is paid ''as rent,'' while no

such express provision was in any of the leases involved in the authorities cited.  While this may be true, it does not follow that the $2,500 should not be refunded.  The question is to be determined from the intention of the parties as gathered from the language used in the lease considered in the light of the circumstances and conditions as they existed at the time it was made.  In the instant case we think it clear that it was the intention of the parties, as disclosed by the terms of the lease, that the $2,500 was given to the lessors to secure the faithful performance of the contract by the lessee, and that in case the lessee complied with the provisions of the lease the $2,500 was to be applied to the payment of the rent, which would accrue during the last ten weeks of the term. This appears from the lease, because it is there provided that in case the building is damaged or destroyed by fire or other casualty, which renders it untenantable, and the lessors fail to commence to repair it within thirty days, the lessors are required, at once, to pay to the lessee $2,500, less any sum that may be due and owing to the lessors by the lessee. And the lease further provides that in case it is terminated by reason of fire or other casualty, rendering the building untenantable, the lessors are to pay interest on the $2,500, at the rate of 5 per cent to the lessee.  It is obvious that if the $2,500 was paid unconditionally as rent upon the execution of the lease, this would be inconsistent with the provisions requiring it to be paid back with interest thereon in case the lease was terminated as above mentioned.  The lease further provides that even if the tenant remains in possession until February 17, 1924, and is not then in default, the landlord is required to pay him interest on the $2,500, at the rate of 5 per cent per annum from September 22, 1923, to February 27, 1924.  This provision also is inconsistent with the theory that the intention of the parties when they executed this lease

was that the payment of the $2,500 made at that time by the lessee was a payment "as rent."

There is no allegation in the amended statement of claim that the rent reserved by the terms of the lease was paid to the date the lease was terminated, and, of course, plaintiff would not be entitled to the $2,500, but only to the balance remaining after the amount due the lessors was deducted, and the amended statement of claim, therefore, was defective in this respect. But we think this fault should not prevent plaintiff from recovering any sum that is justly due him. Obviously plaintiff is not entitled to recover interest on the $2,500 from April 7, 1923, as he contends, because the lessors were not obligated to refund the $2,500 or any part thereof until the lease was terminated.

Of course, we are not deciding that the lease was, in fact, terminated, but are only stating that the amended statement of claim alleged this to be a fact, which, on the record before us, must be assumed to be true.

The judgment of the municipal court of Chicago is reversed and the cause remanded for further proceedings not inconsistent with the views herein expressed.

*Reversed and remanded.*

THOMSON and TAYLOR, JJ., concur.